

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

May 7, 1968

Mrs. Marie Hudson Winters
Firemen's Pension Commissioner
Sam Houston Building
Austin, Texas   78701

Opinion No. M-229

Re: Authority of firemen to discontinue participation in the State Firemen's Relief and Retirement System in whole or in part, and related questions.

Dear Mrs. Winters:

You have requested an opinion from this office regarding the participation of the Sulphur Springs Fire Department in the State Firemen's Relief and Retirement Fund. You asked the following questions:

"1. In a Fire Department composed of some volunteer firemen and some paid firemen can the paid men vote to discontinue paying into the Fund.

"2. Should the entire Fire Department - both volunteer and paid firemen - vote on the question.

"3. Can the paid men and volunteers vote that the paid men discontinue paying into the Fund but the volunteers continue to participate.

"4. Can a few paid men continue to pay into the Fund and a few discontinue to pay? or should it be an 'all or none' proposition.

"5. If a few paid men do stay in the Fund then is each new fireman hired not required to participate."

Since each of these questions relate to participation or non-participation in the Fund, they will not be treated separately here.

In regard to these questions, you are advised that under Article 6243e, Section 10A-2(f) of Vernon's Civil Statutes, all persons who have become firemen in Sulphur Springs since August 28, 1967, must participate in the Fund. The statute says:

"Each person who shall hereafter become a fireman in any city which has a Firemen's Relief and Reitrement Fund to which he is eligible for membership, shall become a member of such Fund as a condition of his appointment, and shall by acceptance of such position agree to make and shall make contributions required under this Act of members of such Fund, and shall participate in the benefits of membership in such Fund as provided in this Act, provided, however, that no person shall be eligible to membership in any such Fund who is more than thirty-five (35) years of age at the time he first enters service as a fireman; and provided, further, that any such person who enters service as a fireman may be denied or excused from membership in the Fund if the Board of Trustees of the Fund determines that such person is not of sound health. The applicant shall pay the cost of any physical examination required in such instance by the Board of Trustees." (Emphasis added.)

As to members of the Sulphur Springs Fire Department who were appointed before the above-quoted amendment became effective, Subdivision (g) of Section 10A-2 requires that these persons continue participation in the Fund. The statute says:

"Each person who is an active member of a Firemen's Relief and Retirement Fund previously organized and existing under the laws of this State at the effective date of this

amendment shall continue as a member of such
Fund and he shall retain and be allowed credit
for all service to which he was entitled in
the Fund of which he was a member immediately
prior to the effective date of this amendment."

Firemen who were not members of the Fund before the 1967 amendment
became effective have a choice as to participation under Section
10 of Article 6243e. That statute says:

"Sec. 10. Each city or town in which a
firemen's Relief and Retirement Fund has been
created prior to the time at which this amend-
ing section of this Act takes effect and which
has a part-paid or volunteer fire department,
or the governing body of such city or town, shall
henceforth be authorized to deduct from the salary
or compensation of each fireman who is participating
in such Fund when this amending section takes effect,
or to collect from each such fireman, whatever amount
shall have been authorized, or agreed to, by the filing
by such fireman, with the Secretary-Treasurers of the
Board of Firemen's Relief and Retirement Fund Trustees
of such fireman's city or town, of a statement in
writing under oath that he desires to participate in
the benefits from such Fund, giving the name and
relationship of his then actual dependents and au-
thorizing said city or town or the governing body
thereof to deduct not less than one (1) per centum
nor more than three (3) per centum, the exact amount
thereof to be determined by the vote of the fire
department of which such person is a member, from
his salary or compensation if a part-paid fireman
whose salary or compensation is more than Fifty
Dollars ($50) per month, but if a part-paid fireman
whose salary is less than Fifty Dollars ($50) per
month, or if a volunteer fireman, the statement
shall include a promise and an obligation to pay
to said Board of Trustees not less than Three
Dollars ($3) nor more than Five Dollars ($5) per
annum to be paid semi-annually, the exact amount
thereof to be likewise determined by vote of the

fire department of which such person is a
member. Such money so deducted from salaries
or compensation or agreed to be paid to be-
come and form a part of the Fund herein des-
ignated and established as Firemen's Relief
and Retirement Fund of that city or town.
Failure or refusal to make and file the state-
ment herein provided, or failure or refusal
to allow deduction from salary or to pay the
amount herein specified as herein provided on
the part of any member shall forfeit his right
to participate in any of the benefits from said
Firemen's Relief and Retirement Fund. <u>If any
such member shall elect not to participate in
such Fund, he shall not be liable for any salary
deduction nor to pay as herein provided.</u>"
(Emphasis added.)

Section 10A of the above statute applies to "all cities having
fully paid firemen," as does Section 10A-2, whereas Section 10B
applies to cities with firemen in a "'full paid' fire department."
We are not at liberty to hold these terms synonymous in order to
hold that Section 10A-2 does not apply to the City of Sulphur
Springs. We must presume that the Legislature carefully chose
its words, and we must give effect to the distinctions in its
language.

The statutes are not clear as to the status of volunteers.
However, it is the opinion of this office that volunteers in the
Sulphur Springs Fire Department should be allowed to continue par-
ticipation in the manner prescribed above in Section 10 of Article
6243e of Vernon's Civil Statutes. We conclude that by its amend-
ments to the statute, the Legislature evidently intended to re-
quire all fully paid firemen to be members of the State Firemen's
Relief and Retirement Fund except those who were not members of
the Fund at the time the 1967 amendment became effective. Volunteers,
part-paid firemen, and those fully paid but not members of the Fund
at the time of the 1967 amendment were given an individual election
as to participation in the Fund.

### S U M M A R Y

Fully paid firemen of Sulphur Springs who
were appointed after August 28, 1967, must be

a member of the State Firemen's Relief and Retirement Fund. Fully paid firemen who were members of the Fund before the 1967 amendment must continue their participation in the Fund. Persons who were fully paid firemen, but were not members of the Fund at the time the 1967 amendment became effective may elect to participate on an individual basis. Volunteers and part-paid firemen also have an individual election as to participation.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Philip G. Warner
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Houghton Brownlee
Ralph Rash
Roger Tyler
James Broadhurst

A. J. CARUBBI, JR.
Executive Assistant